UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IURII KRYZHANOVSKYI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1924** |
| **KENNETH CAGER ET AL.** | **SECTION "L"(4)** |

**ORDER AND REASONS**

Before the Court is Plaintiff Iurii Kryzhanovskyi's motion to remand. R. Doc. 9. Defendant Progressive Paloverde Insurance Company opposes the motion. R. Doc. 11. Plaintiff replied. R. Doc. 12. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

I. BACKGROUND

This suit arises out of a car accident. R. Doc. 1-3. Plaintiff alleges that on February 20, 2023, he was driving on Poydras Street in New Orleans when his car was struck by a vehicle operated by Kenneth Cager. *Id.* He avers that Mr. Cager's insurer paid its policy limits to Plaintiff, but this payment did not cover his damages. *Id.* However, he subsequently learned that Mr. Cager was also insured by Tokio Marine Management. *Id.* at 3. Plaintiff therefore brings the instant suit against Mr. Cager and Tokio Marine Management as well as against his own insurer, Progressive Paloverde Insurance Company ("Progressive"), which he alleges provided him with an underinsured motorist policy. *Id.* Plaintiff filed in state court on March 6, 2024. *Id.* Progressive removed to this court on August 1, 2024, alleging diversity jurisdiction. R. Doc. 1.

II. PRESENT MOTION

Plaintiff moves to remand the case, arguing that Progressive's removal is untimely.[1] R. Doc. 9. He contends that Progressive failed to remove the case within 30 days of all Defendants' receipt of

---

[1] Progressive has filed a motion to dismiss for failure to state a claim, contending that Plaintiff's claim is prescribed because he failed to file within one year of the accident. R. Doc. 13. However, "[b]ecause a court must address its jurisdiction over a case before examining the merits, a court facing both a motion to dismiss for failure to state a claim

1

the petition, as is required by 28 U.S.C. 1446(b)(1). Progressive opposes the motion. R. Doc. 11. It agrees that it did not remove within 30 days of each Defendant's receipt of the petition. However, Progressive argues that the removal clock never began to run because the petition does not reveal on its face that the amount in controversy is more than $75,000. Furthermore, Progressive avers that it did not receive any "other paper" after the petition was filed that indicated that the suit met the jurisdictional threshold. Accordingly, Progressive argues that removal was timely. However, it also maintains that the amount in controversy requirement for diversity jurisdiction is met because Plaintiff sent it a pre-suit settlement demand letter requesting $250,000. Progressive argues that although pre-suit communications do not start the removal clock, they can serve as evidence that the amount in controversy requirement is met.

Plaintiff replied. R. Doc. 16. He notes that Progressive concedes that the petition does not reveal that the amount in controversy requirement is met and that it did not receive any "other paper" after the suit was filed that could establish the amount in controversy. *Id.* at 5. Accordingly, Plaintiff contends that "without the receipt of some triggering document, removal cannot occur, rendering Progressive's action premature and invalid." *Id.* at 6. He argues that:

> Progressive is attempting to have it both ways. On the one hand, it argues that pre-suit documents do not start the 30-day removal clock; yet, on the other, Progressive argues that these documents are still valid for proving that the amount in controversy exceeds $75,000. This is inconsistent.

*Id.* at 7. Accordingly, Plaintiff contends that the Court must remand.

### III.   LAW & ANALYSIS

The parties raise two issues: (1) whether Progressive has proven that the amount in controversy exceeds $75,000 such as to properly invoke this Court's diversity jurisdiction and (2) if

---

and a motion to remand should consider the motion to remand first." *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:19-65, 2019 WL 7900263, at *1 (S.D. Tex. Aug. 16, 2019). Even when the defendant has filed a facially persuasive motion to dismiss on grounds of prescription, the Court must address its own jurisdiction first. *See Rinh Nguyen v. Sirius Int'l Ins. Corp.*, No. 09-6371, 2010 WL 11545182, at *1 (E.D. La. Jan. 25, 2010) (addressing a motion to remand first where the defendant had also filed on motion to dismiss in which it asserted that the lawsuit was clearly prescribed).

2

so, whether Progressive timely removed the case within any applicable 30-day removal clock. The Court takes these issues in turn.

### A. Progressive Has Proven by a Preponderance of the Evidence That the Amount in Controversy Exceeds $75,000.

"[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant can prove the amount in controversy requirement is met if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Here, the amount in controversy is not facially apparent from the petition. Plaintiff makes only general allegations that he sustained damages including pain, suffering, mental anguish, and past and future medical expenses. R. Doc. 1-3 at 3. This is insufficient to "affirmatively reveal" that the amount in controversy exceeds the jurisdictional threshold. *See Hoffman v. Oyeket*, No. 17-4058, 2017 WL 2963226, at *2 (E.D. La. July 12, 2017) (holding that the petition did not affirmatively reveal on its face that the amount in controversy exceeded $75,000 where the plaintiff made only "generic allegations regarding her damages").

Accordingly, the Court turns to whether Progressive has presented sufficient summary-judgment type evidence to support removal. Progressive makes several arguments as to why the amount in controversy requirement is met. First, it notes that Plaintiff has not stipulated to seeking less than $75,000. R. Doc. 11 at 4. Further, it contends that Plaintiff's medical records show that he has two herniated discs and that "Louisiana cases with similar type of injuries for alleged unoperated disc herniations are in the range of $75,000 to $100,000 general damages." R. Doc. 1 at 4. In support of this position, Progressive cites six cases with damage awards in that range. *Id.* Finally, Progressive

3

notes that Plaintiff sent it a pre-suit settlement demand letter. *Id.* In the letter, Plaintiff itemized past medical expenses at $7,965 and projected future medical expenses at $11,600, mostly for epidural steroid injection treatment. R. Doc. 1-7 at 2. However, Plaintiff also requested that Progressive "make an unconditional tender of the amount of the full policy," which was $250,000. *Id.* Progressive maintains that Plaintiff's $250,000 demand proves that the amount in controversy is above $75,000.

The Court finds that this evidence, in combination, is sufficient to meet Progressive's burden. First, as to Plaintiff's settlement letter, "the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). Although the Fifth Circuit has not conclusively addressed the issue of whether a pre-suit settlement demand letter can be considered as evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010). Although the $250,000 demand may have been a high valuation of the claims, the Court still finds that Plaintiff's letter can serve as some evidence of the amount in controversy. The fact that Plaintiff initially demanded more than three times the jurisdictional amount undermines his instant argument that the amount in controversy requirement is not met.

Progressive's citation to the damage awards in other similar cases is also persuasive evidence of the amount in controversy. Here, Plaintiff's medical records show that he suffered two herniated discs. R. Doc. 1-8 at 3. Further, in October of 2023, more than six months after the accident at issue, he reported that his symptoms "continue to give him trouble and significantly affect his activities of daily living." *Id.* Plaintiff's doctor recommended that he receive epidural steroid injections [ESI] and undergo an MRI of the spine. *Id.* at 4. In its notice of removal, Defendant cites and summarizes

several Louisiana cases with damages awards above $75,000 for similar injuries. R. Doc. 1 at 5-6. For example, Defendant cites: "*Giovengo v. State Farm Mut. Auto. Ins. Co.*, 2016-2973 (Civil District Court 03/13/17) ($85,000 in general damages to plaintiff for single, unoperated disc herniation and treatment that included one ESI); *Conforto v. Toscano*, 711-301 (24th JDC 03/30/16) ($91,750 in general damages for single disc herniation with recommended ESI treatments)." *Id.* Because Defendant has demonstrated that Plaintiff's injuries are similar to the injuries in those cases, which yielded awards exceeding the jurisdictional amount, this evidence also weighs in favor of jurisdiction. *See McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011) (finding that the amount in controversy requirement was met based on the defendant's citation of Louisiana cases involving herniated discs where the plaintiffs received awards over $75,000).

Finally, Plaintiff's refusal to stipulate also supports a finding that the amount in controversy requirement is met. Although a failure to stipulate cannot, alone, prove the jurisdictional amount, "failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy is in excess of the requisite amount." *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000).

Overall, the Court finds that Progressive has produced sufficient evidence of the amount in controversy including (1) Plaintiff's settlement demand letter requesting $250,000 (2) evidence of damages awards above $75,000 in demonstrably similar cases (3) Plaintiff's medical records, which indicate that he was still in pain more than six months after the accident, and (4) Plaintiff's refusal to stipulate to damages below the jurisdictional amount. While these categories of evidence might not individually prove the jurisdictional amount, the Court finds that the cumulative weight of this evidence proves that it is more likely than not that the amount in controversy exceeds $75,000.

### B. Progressive's Removal is Timely.

There are two ways in which a 30-day removal clock begins to run. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). First, a defendant must remove within 30 days of receipt of a petition that "affirmatively reveals on its face" that the plaintiff is seeking damages above the minimum jurisdictional amount. *Id.* at 163. Second, if the petition does not affirmatively reveal the jurisdictional amount, the 30-day clock begins to run when the defendant receives a post-petition "copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the amount in controversy requirement is met. *Id.* (citing 28 U.S.C. § 1446(b)(3)). Crucially, pre-suit exchanges such as settlement demands or medical bills never start a removal clock, even if the documents evidence that the amount in controversy requirement is met. *Id.* at 162-63. Rather, the petition *itself* must affirmatively reveal that the plaintiff is seeking above $75,000 to start the clock upon the defendant's receipt. *Id.* And, only post-petition exchanges can serve as "other paper" that starts the clock. *Id.*; *see also Schielder v. Kmart Corp.*, No. 00-2757, 2000 WL 1511182, at *1 (E.D. La Oct. 10, 2000) ("The thirty-day window only opens upon the receipt of a pleading or other paper after the defendant has been properly served with a complaint.").

Here, Progressive's removal is timely because no 30-day removal clock ever began to run. The only documents Progressive relies on in its notice of removal were pre-suit exchanges such as settlement demand letters and medical bills, which cannot start a removal clock. *Id.* As discussed above, the petition does not affirmatively reveal on its face that the amount in controversy requirement has been met. And, neither party alleges that Defendant received any "other paper" relevant to the amount in controversy issue after filing the suit. Accordingly, the Court finds that Defendant timely removed.

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion to remand, R. Doc. 9, is **DENIED.**

New Orleans, Louisiana on this 19th day of November, 2024.

                                             Eldon E. Fallon
                                             U.S. District Court Judge