UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IURII KRYZHANOVSKYI** | CIVIL ACTION |
| **VERSUS** | NO. 24-1924 |
| **KENNETH CAGER ET AL.** | SECTION "L"(4) |

### ORDER & REASONS

Before the Court is a motion to dismiss filed by Defendants Kenneth Cager and Tokio Marine Management. R. Doc. 13. Defendant Progressive Paloverde Insurance Company does not join in the motion. Plaintiff Iurii Kryzhanovskyi opposes the motion. R. Doc. 16. Defendants replied. R. Doc. 17. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

I.  BACKGROUND

This suit arises out of a car accident. R. Doc. 1-3. Plaintiff alleges that on February 20, 2023, he was driving on Poydras Street in New Orleans when his car was struck by a vehicle operated by Kenneth Cager. *Id.* He avers that Mr. Cager had two insurers: Progressive County Mutual and Tokio Marine Management. Plaintiff alleges that Progressive County Mutual, which is not a party to this suit, paid its policy limits to Plaintiff. *Id.* at 3. However, this payment did not cover his damages. *Id.* Accordingly, Plaintiff brings the instant suit against Mr. Cager and Tokio Marine Management as well as against Plaintiff's own insurer, Progressive Paloverde Insurance Company, which he alleges provided him with an underinsured motorist policy. *Id.*

Plaintiff filed in state court on March 6, 2024. *Id.* Progressive Paloverde Insurance Company removed to this Court on August 1, 2024 on the basis of diversity jurisdiction. R. Doc. 1. Plaintiff moved to remand the case, asserting that the amount in controversy requirement for diversity jurisdiction is not met. R. Doc. 9. The Court denied the motion, finding that Progressive

1

Paloverde Insurance Company had proven that the amount in controversy exceeds $75,000. R. Doc. 21.

## II. PRESENT MOTION

Defendants Kenneth Cager and Tokio Marine Management move to dismiss Plaintiff's suit as prescribed. R. Doc. 13. They note that Plaintiff's petition states that the subject accident occurred on February 20, 2023. *Id.* at 1. However, Plaintiff did not file the instant suit until March 6, 2024. *Id.* at 2. Defendants observe that the statute of limitations for tort actions in Louisiana is one year. *Id.* Accordingly, Defendants contend that Plaintiff's suit is facially prescribed. *Id.*

Plaintiff opposes the motion. R. Doc. 16. He concedes that he did not file suit within one year of the accident. *Id.* at 2. However, he makes three arguments in opposition of dismissal. First, he contends that the doctrine of "*contra non valentem*"—which tolls prescription where a defendant's wrongful conduct prevents a plaintiff from realizing that he has a claim—applies to his case. *Id.* at 5. Plaintiff alleges that in the months following the accident, he only knew about one of Mr. Cager's insurers, Progressive County Mutual. On September 14, 2023, he asked Counsel for Progressive County Mutual whether Mr. Cager would sign an affidavit swearing that he had no other insurance coverage. R. Doc. 16-2 at 7. Counsel for Progressive County Mutual did not advise Plaintiff that Mr. Cager refused to sign an affidavit of no other insurance until November 29, 2023. *Id.* at 1. Plaintiff therefore claims that this delay in responding to his request between September 14 and November 29, 2023 constituted concealment of the existence of Mr. Cager's additional insurance coverage with Tokio Marine Management. Thus, Plaintiff contends that prescription was tolled for these 77 days, extending the one-year deadline to encompass the date on which he filed suit. *Id.*

Second, Plaintiff argues that prescription was interrupted when Progressive County Mutual made a settlement payment to Plaintiff. He avers that this amounts to a "tacit acknowledgement of liability." *Id.* at 6. He notes that under Louisiana Civil Code Article 3464, prescription is interrupted

2

when a debtor acknowledges that he is liable to a creditor. *Id.* Although Progressive County Mutual is not a defendant in the instant suit, Plaintiff contends that all Defendants are solidarily liable along with Progressive County Mutual for his damages. *Id.* Therefore, he claims that Progressive County Mutual's acknowledgement of liability stops prescription as to all Defendants. *Id.* Finally, Plaintiff also argues that Defendants waived their prescription argument because they failed to plead prescription as an affirmative defense. *Id.* at 2-3.

Defendants replied. R. Doc. 17. They aver that *contra non valentem* does not apply because Plaintiff knew he had a potential claim on the date of the accident. *Id.* at 4. Thus, his knowledge of the extent of Mr. Cager's insurance coverage is irrelevant to his ability to timely file a lawsuit regarding his injuries. *Id.* As to Plaintiff's argument that Progressive County Mutual tacitly acknowledged liability, Defendants argue that settlement offers or payments do not constitute tacit acknowledgements of liability. *Id.* at 6. Finally, Defendant argues that it has raised prescription at a sufficiently early, non-prejudicial stage of the case. *Id.*

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190,

3

196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### IV. DISCUSSION

Ordinarily, under Louisiana law, "the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). "However, once it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription." *Id.* Here, all parties agree that Plaintiff filed suit more than one year[1] after the accident, meaning that his suit is facially prescribed. Accordingly, Plaintiff bears the burden of proving an exception to prescription. Plaintiff offers three arguments as to why prescription has not run. The Court takes each in turn.

#### A. The Doctrine of *Contra Non Valentum* Does Not Apply Because Plaintiff Knew He Had a Potential Claim on the Date of the Accident.

Plaintiff argues that prescription was tolled between September 14, 2023 and November 29 of 2023 because during this time, Defendants failed to respond to his request that Mr. Cager swear out an affidavit stating that he had no additional insurance coverage. In general, "prescription commences to run from the day injury or damage is sustained." La. C.C. art. 3492. However, Louisiana law recognizes the doctrine of *contra non valentem*, under which the prescriptive period does not begin to run where the defendant "prevent[s] the plaintiff from availing himself of his cause of action." *In re Med. Rev. Panel for Claim of Milton*, 593 So. 2d 795, 797 (La. Ct. App. 1992).

---

[1] Louisiana Civil Code Article 3492 provided for a one-year statue of limitations for tort actions. In Acts 2024, No. 423, § 2, effective July 1, 2024, the Louisiana Legislature repealed Article 3492 and replaced it with Article 3493.1, which provides for a two-year statute of limitations. However, the Legislature specifically provided that this Act "shall be given prospective application only and shall apply to delictual actions arising after" July 2, 2024. *Id.* § 3. Here, Plaintiff's cause of action arose on February 20, 2023, well before this July 2, 2024 effective date. Accordingly, Article 3492 and its one-year statute of limitations apply to Plaintiff's suit.

4

"[T]he doctrine . . . only suspends the running of prescription during the period of time when the action was not reasonably knowable by the plaintiff." *Bowers v. Orleans Par. Sch. Bd.*, 694 So. 2d 967, 973 (La. App. 4 Cir. 1996). "[P]rescription will be suspended only where the defendant actively engages in a course of action designed to prevent a plaintiff from acting . . . . [t]hat is, the defendant's conduct must be more than mere neglect or a misstatement, it must constitute a fraud, a deliberate concealment or a breach of duty to disclose." *Milton,* 593 So. 2d at 797.

Plaintiff's argument that *contra non valentem* applies is unavailing for several reasons. First, prescription began to run on the date of the injury—February 20, 2023—when Plaintiff knew he had a possible claim against the offending driver, Mr. Cager. Plaintiff does not identify, and the Court could not locate, any case law supporting the proposition that prescription does not run until a plaintiff has learned whether the defendant had insurance or whether the defendant had coverage with multiple insurers. As Defendant states, "Plaintiff fails to explain why information pertaining to additional insurance coverage was required before bringing a lawsuit against the allegedly negligent driver." R. Doc. 17 at 4. Plaintiff could have easily filed his lawsuit within one year of the accident.

Second, the Court is not persuaded that Defendants "deliberate[ly] concealed" the fact that Mr. Cager had an additional insurance policy with Tokio Marine Management. Plaintiff alleges that between September 14, 2023 and November 29, 2023, Defendants failed to respond to Plaintiff's request to produce an "affidavit of no other insurance." The Court is not persuaded that a mere failure to respond to this request for approximately a month and a half amounts to "concealment." Rather, Mr. Cager's failure to produce such an affidavit at Plaintiff's request could be interpreted as putting Plaintiff on notice that Mr. Cager did, in fact, have additional coverage. At most, Defendants' actions amount to "neglect" in responding to Plaintiff's request, which is insufficient to toll prescription. *Milton*, 593 So. 2d at 797. And crucially, there is no dispute that by November 29, 2023— approximately three months *before* the one-year filing deadline—Plaintiff was aware of the

possibility that Mr. Cager had a second insurer. Overall, Plaintiff's failure to file suit within one year of the accident simply cannot be excused by Defendants' brief delay in advising him that Mr. Cager had additional insurance.

### B. Progressive Did Not Tacitly Acknowledge Liability by Making a Settlement Payment.

A debtor's "tacit acknowledgement" of their debt tolls prescription. *Lima v. Schmidt*, 595 So. 2d 624, 631 (La. 1992). "A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability." *Id.* at 634. "Conversely, mere settlement offers or conditional payments . . . and recognition of disputed claims will not constitute acknowledgments." *Id.* Here, Progressive County Mutual's offer to pay Plaintiff its policy limits was explicitly made "in exchange for a full release of any and all known and unknown claims arising from the loss on 2/20/2023." R. Doc. 16-2 at 7. Accordingly, this was a "settlement" offer, not an "unconditional" one, and thus cannot constitute a tacit acknowledgement of liability. *Lima*, 595 So. 2d at 634.

### C. Defendants Did Not Waive Their Right to Plead Prescription.

Plaintiff is correct that "failure to raise an affirmative defense under [R]ule 8(c) in a party's first responsive pleading generally results in a waiver." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 (5th Cir. 2001). "Under Louisiana law [p]rescription is an affirmative defense, which must be pleaded." *Poe v. Fuller*, No. 17-913, 2019 WL 13257719, at *6 (W.D. La. Oct. 1, 2019). However, the Fifth Circuit has held that "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." *Giles*, 245 F.3d at 492. Accordingly, a "defendant does not waive an affirmative defense if he "raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in [his] ability to respond." *Id.*

6

Here, the Court finds that neither Defendant has waived their right to plead prescription. Defendant Tokio Marine Management has not yet filed an answer and has clearly not waived a prescription defense. Defendant Cager has filed an Answer in which he failed to raise prescription. However, the Court notes that this Answer was a single-page document filed *pro se* before Mr. Cager enrolled counsel. R. Doc. 1-4. The instant motion is Mr. Cager's first counselled filing, and his only filing other than the *pro se* Answer. Accordingly, the Court finds that his "technical failure" to plead prescription as an affirmative defense did not constitute waiver, as it caused no appreciable delay or unfair prejudice to Plaintiff.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion to dismiss, R. Doc. 13, is **GRANTED.** Plaintiff's claims against Defendants Kenneth Cager and Tokio Marine Management are thus **DISMISSED** with prejudice. Plaintiff's claims against the remaining Defendant, Progressive Paloverde Insurance Company, are not dismissed by this Order.

New Orleans, Louisiana on this 6th day of December, 2024.

_____
Eldon E. Fallon
U.S. District Court Judge